**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5932

CHARLES DAVID ROBERTSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-95-116)

Submitted: July 25, 1996

Decided: August 19, 1996

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Sharon Mullen Frazier, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles David Robertson appeals the 46-month sentence he received after his guilty plea to conspiracy to possess hydromorphone (Dilaudid) with intent to distribute, 21 U.S.C.A.§ 846 (West Supp. 1996). He asserts that the district court clearly erred in refusing to award him a two-level adjustment for having a minor role in the offense. United States Sentencing Commission, Guidelines Manual, § 3B1.2 (Nov. 1995). We affirm.

In June 1995, Robertson contacted an acquaintance about obtaining $10,000 worth of K-4 Dilaudid for one Terry Whisman. In return for arranging the deal, he was to receive $1000 from Whisman. The acquaintance was a confidential informant who contacted officers of the federal drug task force. At their direction, the informant told Robertson that her cousin could supply the Dilaudid. Over the next three days, Robertson acted as go-between in a series of recorded telephone calls, during which Whisman agreed to buy 400 Dilaudid tablets and also expressed interest in buying morphine sulfate tablets and methadone. Before the meeting with the undercover officer at which they were arrested, Whisman armed himself with a pistol and gave Robertson a loaded 9 mm pistol for protection.

A minor participant is one who is less culpable than most other participants. USSG § 3B1.2, comment. (n.3). Robertson argues that he was less culpable than Whisman because he was merely a facilitator, was carrying a firearm which belonged to Whisman, and stood to gain only $1000 for his assistance to Whisman. Because he played a very active part in arranging the transaction, however, we cannot say that the district court clearly erred in finding as a fact that Robertson had more than a minor role in the offense.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3